IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JUSTIN MACK McKENNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:21-cv-00050 |
| | ) | |
| TONY BEST, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Justin Mack McKennon, a pretrial detainee in the custody of the Lawrence County Jail in Lawrenceburg, Tennessee, filed a pro se Complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 on September 2, 2021. (Doc. No. 1.) The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a) if he satisfies the requirements to proceed in forma pauperis (IFP) established in 28 U.S.C. § 1915(a). Plaintiff first sought leave to proceed IFP at the time his Complaint was filed, but the Court denied the IFP application because it was missing the 6-month inmate trust fund account statement required by 28 U.S.C. § 1915(a)(2). (Doc. No. 5.) The Court also noted that Plaintiff's affidavit of poverty, dated August 23, 2021, listed income in an unidentified amount from "stimulus and back pay from government," while disclosing a current trust fund account balance of eighty to ninety dollars. (Doc. No. 2 at 1–2.)

In response to the Court's Order giving him 30 days to cure the deficiency in his IFP

application (Doc. No. 5 at 2), Plaintiff timely filed a second IFP application. (Doc. No. 7.) In his updated affidavit of poverty, Plaintiff estimates that he has received $2,000 in stimulus payments and $3,500 in back pay in the past 12 months, and states that an individual with power of attorney "is in control of all [his] things in the free world" while his "girlfriend/future wife" sends him around $100 every other week. (*Id.* at 1.) Nevertheless, Plaintiff asserts that his trust fund account contains "34¢ to 32¢" currently. (*Id.* at 2.) Plaintiff further asserts that he has been unable to secure an account statement from the appropriate jail official despite multiple requests. (Doc. No. 7-1.) He states that he has "sent the IFP papers to . . . Lt. Taylor twice" since receiving the Court's deficiency order and has asked several other officers for assistance, but Lt. Taylor told him in passing that "she wasn't [going to] do anything or sign anything until she talked to the county attorney." (*Id.*)

It is unclear whether any of the stimulus or other government funds Plaintiff claims to have received in the past 12 months remain available to him, but the Court has no reason to doubt Plaintiff's testimony that those funds are not on account at the Lawrence County Jail. Moreover, under this Court's precedent, Plaintiff's signed statement of the unsuccessful attempts he has made to secure the account custodian's certification of his current and six-month average balances may be deemed to satisfy the requirement of Section 1915(a)(2). *See Kilpatrick v. O'Rourke*, No. 3:16-cv-01840, Doc. No. 3 at 1–2 (M.D. Tenn. July 18, 2016) (Sharp, J.). Accordingly, Plaintiff's IFP application (Doc. No. 7) is **GRANTED**.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be

paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. *Id.* § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the prison in which Plaintiff is currently housed to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

### A. Standard

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. To determine whether the Complaint states a plausible claim, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

Plaintiff asserts that he has suffered violations of "rights to fair and speedy trial[;] safe housing by sheriff[;] malicious prosecution/no rights to due process[;] no proper grievance procedure[; and] ineffective assistance of counsel [for] a start." (Doc. No. 1 at 3.) He also alleges

4

"excessive bonds," "deni[al] [of] religion," and "deep corruption." (*Id.*) However, the Complaint does not contain any particular factual allegations corresponding to these general assertions of federal rights violations. Rather, the factual allegations of the Complaint are limited to describing the remaining violation asserted, which is the crux of Plaintiff's lawsuit: he "was chased down and beat[en] and choked almost to death by a ba[i]liff while in handcuffs and shackles." (*Id.*)

Plaintiff alleges that, on August 16, 2021, he was chased down in the Lawrence County Courthouse by Bailiff Raymond Renolds, who hit Plaintiff in the eye and the back of the head with a closed fist before choking him almost to death. (*Id.* at 5.) Plaintiff claims that his injuries included an "eyeball [with] blood in it [and] carpet burns . . . on and around [his] neck." (*Id.*) Plaintiff seeks $1 million in damages from the assault, $1 million in damages from each violation of rights, and remediation of the corruption in Lawrenceburg, Tennessee. (*Id.*) He sues Bailiff Renolds, Judge Allen, Lawrence County Sheriff John Myers, the Lawrence County Jail, and the offices of the Lawrence County Public Defender and the Lawrence County District Attorney.

**C. Analysis**

Plaintiff's allegations against Bailiff Renolds are liberally construed as asserting an excessive force claim under the Fourteenth Amendment. "The bailiff is a municipal employee who can be a state actor for purposes of a claim of excessive force under Section 1983." *Bogard, Next Friend for JCM v. Falkenberg*, No. SA-21-CV-00021-FB, 2021 WL 1026060, at *7 (W.D. Tex. Mar. 16, 2021). To prevail on such a claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). The Supreme Court has expressly rejected the application in the pretrial detention context of "a subjective standard that takes into account a defendant's state of mind." *Id.* at 396. The Court has also identified a non-exclusive list of factors that might be relevant

5

to the determination of whether the force used was objectively reasonable: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

A full weighing of these factors on a developed record may ultimately demonstrate that Bailiff Renolds acted reasonably to subdue Plaintiff after a chase inside the courthouse. But at this initial stage, and liberally construing the Complaint's allegations in the light most favorable to Plaintiff, he states a colorable claim of excessive force that will be allowed to proceed for further development. Regardless of the circumstances that gave rise to the alleged chase and the potential security threat that resulted therefrom, the allegation that Plaintiff was cuffed and shackled when Renolds punched and choked him is sufficient to allow the claim to proceed even if Plaintiff was not seriously injured. Especially given the "highly fact-dependent" nature of the inquiry, Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538 (6th Cir. 2015), the actions allegedly taken by Defendant Renolds cannot be deemed objectively reasonable at this initial stage of review.

As mentioned above, there are no factual allegations from which to find that the Complaint colorably claims any deprivation of Plaintiff's rights by any remaining Defendant. The rules governing pleading in federal court require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement of the claim must be supported by "sufficient factual matter, accepted as true," to plausibly claim a right to relief from Defendants. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter*

6

*Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims. Here, aside from the excessive force claim against Defendant Renolds, the deprivations summarily asserted in the Complaint are not supported by sufficient facts to state any viable claim.

Nor would any other claim asserted in the Complaint or inferable from Plaintiff's subsequent filings (Doc. Nos. 6, 8), even if sufficiently supported, be properly joined in this excessive force case. The Federal Rules of Civil Procedure permit the joinder in a single complaint of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose. ... Rule 20 does not authorize a plaintiff to 'incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'") (quoting *Trail Realty Inc. v. Beckett*, 462 F.2d 396, 399–400 (10th Cir. 1972)). Accordingly, this case will proceed against Defendant Renolds, while Plaintiff's other claims against other Defendants must be pursued, if at all, in a separate lawsuit.[1]

### III. FURTHER PROCEEDINGS

As described above, the Court finds that the Complaint states a nonfrivolous claim against

---

[1] The Court notes that, to the extent that the pretrial detainee Plaintiff desires to pursue a claim in this Court for violation of his speedy trial rights, he must pursue such a claim in a habeas corpus proceeding under 28 U.S.C. § 2241 after exhausting his available remedies in state court, rather than in a lawsuit under 42 U.S.C. § 1983. *McBride v. 23rd Dist. Cir. Ct.*, No. 3:20-cv-01020, 2020 WL 7047046, at *2–3 (M.D. Tenn. Dec. 1, 2020).

7

Case 1:21-cv-00050   Document 10   Filed 10/26/21   Page 7 of 8 PageID #: 51

Defendant Renolds. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for this Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **21 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Defendants Judge Allen, Lawrence County Sheriff John Myers, the Lawrence County Jail, and the Offices of the Lawrence County Public Defender and the Lawrence County District Attorney are **DISMISSED** from this action.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE