IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JUSTIN MACK McKENNON )
)
v. ) NO. 1:21-cv-0050
)
JASON RUNNELS )

**TO:** The Honorable William L. Campbell, Jr., United States District Judge

# REPORT AND RECOMMENDATION

By Memorandum and Order entered October 26, 2021 (Docket Entry No. 10), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 40) of Defendant Jason Runnels, which is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be GRANTED and this action be DISMISSED.

## I. BACKGROUND

Justin Mack McKennon ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit on September 2, 2021, seeking damages under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). At the time Plaintiff filed the lawsuit, he was a pre-trial detainee who was confined at the Lawrence County Jail in Lawrenceburg,

Tennessee. Plaintiff was subsequently transferred to the custody of the Tennessee Department of Correction ("TDOC"), but he has apparently been released from custody.[1]

Plaintiff filed his lawsuit against numerous defendants based upon events allegedly committed during an incident that occurred on August 16, 2021, while he was at the Lawrence County Courthouse for state court criminal proceedings. Plaintiff alleges that he was handcuffed and in shackles when Bailiff Jason Runnels ("Runnels")[2] chased him down in the courthouse and hit him in the eye and the back of the head with a closed fist before choking him "almost to death." *Id.* at 5. Plaintiff claims that his injuries included an "eyeball [with] blood in it [and] carpet burns . . . on and around [his] neck." *Id.*

Upon initial review of the complaint under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court dismissed all claims and defendants except for a claim that Runnels used constitutionally excessive force against Plaintiff. *See* Memorandum and Order at 7-8. After Plaintiff filed an amended complaint (Docket Entry No. 27) that essentially reiterated his allegations, Runnels was served with process and filed an answer (Docket Entry No. 32). A scheduling order was entered that provided for a period of discovery and pretrial activity in the action. *See* Docket Entry No. 34.

---

[1] Defendant Runnels states in a reply filed May 22, 2023, that "[p]ublic records indicate that Mr. McKennon was released from prison in March 2023, and undersigned counsel is not aware of any current address for Mr. McKennon." *See* Reply (Docket Entry No. 60) at 1. The Court takes judicial notice that the Tennessee Felony Offender Information database, *see* https://foil.app.tn.gov/foil/search.jsp, indicates that Plaintiff's sentence ended March 27, 2023, and that he is no longer confined within the TODC. *See* Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Although Plaintiff filed several change of address notices upon being moved to different prison facilities, *see* Docket Entry Nos. 17, 21, and 23, he has not filed a change of address notice upon his release from TDOC, and his address of record remains the Hardeman County Correctional Complex.

[2] Plaintiff incorrectly identified Defendant Runnels as "Bailiff Renolds."

In accordance with the scheduling order deadlines, Defendant Runnels filed the pending motion for summary judgment. Plaintiff was initially given a deadline of December 30, 2022, to file a response to the motion, but his deadline was extended to February 3, 2023, and then to May 15, 2023, upon his motions. *See* Docket Entry Nos. 44, 50, and 57. During this time period, Plaintiff filed partial responses to the motion for summary judgment. *See* Docket Entry Nos. 46, 52, and 58. He also filed several motions for the appointment of counsel, each of which was denied. *See* Docket Entry Nos. 50, 57, and 59.

## II. MOTION FOR SUMMARY JUDGMENT

In his motion, Defendant Runnels acknowledges that an incident between himself and Plaintiff occurred in the Lawrence County Courthouse during which Defendant and other officers applied some measure of physical force against Plaintiff to control him. Defendant asserts that he was working as a courtroom officer when Plaintiff began causing a disturbance in a courtroom by yelling profanity both prior to and as he exited the courtroom. Defendant asserts that Plaintiff refused to follow commands about where to go from the courtroom, became increasingly combative and aggressive, and began to physically resist attempts by Defendant to escort him to the correct location. Defendant further asserts that the two men ultimately fell to the floor and that Plaintiff, who was lying on top of Defendant, began to hit Defendant with his handcuffed fists. Defendant contends that he struck Plaintiff two or three times in an attempt to gain control of the situation and that Plaintiff eventually stopped resisting after other officers began to intervene. Defendant maintains that he suffered minor injuries from the altercation with Plaintiff and that Plaintiff was charged with and subsequently pled guilty to a criminal charge of assault on a police officer as a result of the incident. *See* Memorandum of Law (Docket Entry No. 41).

3

Defendant raises the defense of qualified immunity to the claim brought against him. He further argues that the undisputed evidence shows that he did not use constitutionally excessive force against Plaintiff as alleged. Defendant supports his request for summary judgment with a memorandum of law, a statement of undisputed material facts (Docket Entry No. 42), his own declaration (Docket Entry No. 43-1), the declarations of four witnesses to the incident (Docket Entry Nos. 43-2 to 43-5), and excerpts from the deposition testimony of Plaintiff (Docket Entry No. 43-6).

Plaintiff's response to the motion for summary judgment consists of three separate filings. *See* Declaration (Docket Entry No. 46); Response (Docket Entry No. 52); and Motion to Deny Summary Judgment (Docket Entry No. 58). Plaintiff's response consists mainly of allegations that track those made in his complaint and of pictures of his injuries. *See* Docket Entry Nos. 46, 52, and 58. He also asserts that he has been unable to get the evidence that he needs because he has been isolated while incarcerated. *Id*.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary

4

judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

IV. ANALYSIS

A. Constitutional Standards

A claim brought under 42 U.S.C. § 1983 requires Plaintiff to show: 1) the deprivation of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted). In the instant case, Plaintiff's claim arose while he was held in custody as a pretrial detainee. The Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). To succeed on a Fourteenth Amendment excessive force claim, a pretrial detainee must show that an officer used force against him and that the conduct was "objectively unreasonable." *Id*. at 389. The inquiry is highly fact-dependent and must consider the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Whether there was excessive force depends on whether the conduct was objectively reasonable under the specific circumstances of the case. Considerations include (1) "the relationship between the need for the use of force and the amount

5

of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff was actively resisting." *Id*. at 397.

### B. Qualified Immunity

Qualified immunity protects government officials from civil damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)) (cleaned up). The doctrine of qualified immunity "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id*. at 978 (internal quotations omitted) (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). Once raised by the defendant, the plaintiff bears the burden to show qualified immunity does not apply. *Id*.; *see also Gambrel v. Knox Cty, Kentucky*, 25 F.4th 391, 399 (6th Cir. 2022). The Court may address the prongs of the qualified immunity analysis in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### C. Plaintiff's Claim

Plaintiff's allegations were sufficient to permit the claim at issue to survive initial review. However, when a motion for summary judgment is filed and properly supported under Rule 56, such as Defendant's motion is here, the non-moving party must respond with affirmative evidence that supports his claim and establishes the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285

6

F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. Initially, the Court notes that Plaintiff has not directly addressed the defense of qualified immunity that is raised by Defendant Runnels. Because the burden of demonstrating that Runnels is not entitled to qualified immunity ultimately rests with Plaintiff, this failure is sufficient to warrant granting the motion.

Even if Plaintiff, as a *pro se* litigant, is given the benefit of the doubt and the Court liberally construes his three responses to the motion for summary judgment as an argument against qualified immunity, his filings are insufficient to defeat Defendant's motion. Plaintiff failed to respond to Defendant's Statement of Undisputed Material Facts, as required by Local Rule 56.01(c). Accordingly, the facts contained in Defendant's statement are deemed to be undisputed for purposes of determining the summary judgment motion. *See* Local Rule 56.01(f).

These undisputed facts show that: (1) Plaintiff was causing a disturbance in a courtroom by yelling obscenities; (2) Plaintiff refused verbal commands from Defendant and another officer about where to go out of the courtroom; (3) Plaintiff became threatening and physically resisted Defendant's attempt to escort him out of an area where other inmates were located and into the correct area; (4) Plaintiff's act of resisting caused the two men to fall to the floor; (5) Plaintiff began to strike Defendant after the two men fell to the floor; (6) Defendant used some force

7

against Plaintiff during the struggle to defend himself and to control Plaintiff; (7) Plaintiff eventually ceased struggling after other officers intervened; (8) Plaintiff continued to yell profanity throughout the incident; and, (9) Plaintiff later pled guilty to the criminal charge of assault on an officer. *See* Statement of Undisputed Material Facts at ¶¶ 5-9 and 15-37. Nothing set out by Plaintiff in his responses to the motion for summary judgment rebuts or otherwise disputes Defendant's facts and evidence.

The mere fact that a physical altercation occurred between Plaintiff and Defendant does not alone support a claim that a constitutional violation occurred. Further, Plaintiff has offered no proof supporting a claim that Defendant initiated an unprovoked attack on him, as he intimated in his complaint. To the contrary, the undisputed facts show that a valid penological purpose existed for Defendant's use of force against Plaintiff because Plaintiff was non-compliant with verbal commands and was aggressive, he physically resisted being escorted by Defendant, and he assaulted Defendant after the two men fell to the floor.

The force used was clearly and objectively necessary for the purposes of controlling and restraining Plaintiff and removing him from an area where other inmates were located. Finally, the force used by Defendant was objectively minimal and measured given the circumstances that existed. There is no proof showing that Defendant acted in a manner that was objectively excessive or unreasonable given the circumstances. There is likewise no evidence supporting a conclusion that the force used against Plaintiff was intended as punishment or was gratuitous. Instead, the only evidence before the Court is that Defendant's actions were limited and necessary under the circumstances and caused only minor injuries to Plaintiff.

Given the undisputed facts before the Court, there is insufficient evidence to support a reasonable conclusion that a constitutional violation occurred. Any factual issues that exist do not rise to the level of genuine issues of material fact that require resolution at trial.

When a plaintiff fails to point to evidence that is sufficient to support a finding that a constitutional violation occurred, he has necessarily failed to carry his burden of defeating a qualified immunity defense. *See Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018) ("If either prong is not met, then the government officer is entitled to qualified immunity."); *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) ("If plaintiff fails to show either that a constitutional right was violated or that the right was clearly established, she will have failed to carry her burden."). Accordingly, Defendant is entitled to summary judgment in his favor.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 40) of Defendant Jason Runnels be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge